MATTHEW BARKER, APPELLANT, v. THE TOWN OF OSWEGATCHIE AND OTHERS, RESPONDENTS.

*Extra allowance — action by a taxpayer to restrain a town from carrying out a contract to build a bridge — the contract-price is the proper basis therefor.*

Judgment was awarded to the plaintiff, in an action brought by a taxpayer of a town to restrain the town, and certain persons made defendants therein, from carrying out a contract which had been entered into by the town, pursuant to an act, bill or resolution of a board of supervisors, with a corporation to construct a bridge, under which contract the town was to pay said corporation the sum of $5,670.

A motion having been made for an extra allowance.

*Held*, that the subject-matter of the action was the right of the defendants to perform a contract, by which a direct pecuniary liability would be created against the town, and that the contract-price was the proper basis upon which said allowance should be computed.

APPEAL by the plaintiff Matthew Barker from an order of the Supreme Court, entered in the office of the clerk of the county of St. Lawrence on the 13th day of June, 1891, denying a motion made by the plaintiff for an extra allowance.

*A. D. Wales*, for the appellant.

*Daniel Magone*, for the respondents.

MAYHAM, J.:

The plaintiff and appellant prosecuted this action, as a taxpayer of the town of Oswegatchie, to restrain the defendants, and each of them, from taking any further action under or in pursuance of an act, bill or resolution of the board of supervisors of St. Lawrence county, passed February 18, 1890. The wrongful act alleged in the complaint, and which the plaintiff in this action sought to restrain, was the carrying out or performance of an alleged contract, made by the town of Oswegatchie, through the agency of its supervisor and a committee (who are named as defendants), appointed by the board of supervisors of St. Lawrence county, with the defendant, the King Iron Bridge Company, for the construction of a bridge in that town, which the town was liable to build, and by which contract the town was to pay the bridge company the sum of $5,670. The plaintiff succeeded in the action, and, by the judgment, perpetually enjoined the performance of the contract, or the payment of the contract-price.

The court at Special Term held that the action was difficult and extraordinary, but that there was no definite sum in controversy upon which an additional allowance can be computed.

We think that was error. The subject-matter directly involved in this action was the right of the defendants to perform a contract by which a direct pecuniary liability would be or was created against the town, to protect whose interests this plaintiff, as a taxpayer, was authorized to maintain an action. It is quite true that, in determining the question whether or not this town should or could be liable for the contract-price agreed to be paid for the construction of this bridge, the court had to inquire whether the board of supervisors had power to appoint the commissioner and put in motion the train of events which led up to the creation of the liability. But the same would be true if a party sued or defended an action upon a contract made with an agent.

If A sued B on a contract made with B's agent for $1,000, and B defends on the ground that the alleged agent has no power to contract, and succeeds in his defense, I think it would not be doubted that if the action were, in other respects, one in which an additional allowance would be proper, an extra allowance would be granted, estimated upon the $1,000, which was the real subject-matter of the

suit, although all the litigated controversy was upon the authority of the agent, and the thousand dollars in the case supposed would be the subject in controversy; then it is difficult to see why the $5,670 in the contract under consideration may not equally be taken as a basis for an additional allowance.

The appellant insists that this additional allowance should be computed upon the $10,000 which it is alleged the town voted. But the commissioners and the supervisors only sought to use the $5,670. It is true that $10,000, according to resolution and the contention of the defendants, was the maximum sum which they were authorized by the resolution to use, but they could also, by the resolution, use a less amount, and that they undertook to do and were prevented by the judgment in this action.

We are of the opinion that the $5,670 embraced in the contract constituted the subject-matter of this suit, and as the plaintiff has succeeded in the action. he is entitled to an additional allowance of five per cent on that amount.

Order must be reversed, with ten dollars costs and printing disbursements.

LEARNED, P. J., and LANDON, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and matter sent to Special Term for its discretionary action.