(15 App. Div. 519.)

GORDON v. STRONG, Mayor, et al.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

1. COSTS—EXTRA ALLOWANCE—ACTION BY TAXPAYER.
   An extra allowance as in other cases may be granted in an action by a taxpayer against a public officer to prevent waste of public funds.

2. SAME—EXCESSIVE ALLOWANCE.
   An extra allowance of $2,000 in favor of defendants in a taxpayer's action is excessive, where the trial did not occupy an unusual time, though it was "a difficult and extraordinary case." Code Civ. Proc. § 3253.

Appeal from special term, Kings county.

Action by William Gordon against William L. Strong, mayor of the city of New York, and others, brought under Code Civ. Proc. § 1925, to enjoin defendants from carrying out a contract to purchase the right of the East River Bridge Company to construct a bridge from Brooklyn to New York. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Stephen M. Hoye, for appellant.

George W. Wingate, for respondents.

GOODRICH, P. J. The subject of this appeal was under consideration by this court in April, 1896, upon an appeal by the defendants from an order of the special term, enjoining the defendants from carrying into effect the contract set out in the complaint. The law applicable to the case was carefully and fully stated in the opinion of the learned presiding justice, Brown, and we find no occasion to review that decision. Gordon v. Strong, 3 App. Div. 395, 38 N. Y. Supp. 922. Nor do any new facts appear in the testimony offered at the trial of the action which differentiate the present appeal from the former, where the presiding justice used the following language:

"The charges of fraud may be dismissed from the case. The allegations of the complaint on this subject are of the most general character, and are not sustained by a scintilla of proof. They received no attention from the learned judge at special term, and the counsel for the plaintiff in this court stated orally that he possessed no knowledge or proof of any fraud. The injustice of inserting, in a legal pleading, unfounded and unsupported charges of this character against public officials, is so gross that the plaintiff's course in this respect is properly the subject of severe criticism."

Three witnesses only were examined by the plaintiff at the trial, but there is not in their evidence any suggestion of any fraudulent action of the commissioners; and, as the case made at the trial presents nothing which did not appear on the former appeal, we see no reason to disturb the main propositions of the judgment.

We are not willing, however, to sustain that part of the judgment which grants an extra allowance of $2,000 to the defendants. This action is brought by a taxpayer according to a wise provision of the Civil Code, designed to protect the public interests, but such an action, charging public officials with fraud, should not be lightly

instituted.    When the taxpayer enters a court of justice through
the door opened to him by the statute, he stands in the presence of
the court as any other suitor, with neither greater nor less right to
its attention or regard; and, if his action is dismissed, the court
may impose costs by way of extra allowance, just the same as it
would in any action.    We think, however, that the award of an
extra allowance of $2,000 is hardly justified by the circumstances.
While they constitute the "difficult and extraordinary case" re-
ferred to in the Code (section 3253), the trial did not occupy un-
usual time, and we think the allowance should be reduced to $500.
With this modification, we affirm the judgment, without costs of
this appeal.    All concur.