GEORGE S. HART, Appellant, *v.* THE MAYOR, ALDERMEN AND COM-
MONALTY OF THE CITY OF NEW YORK, THE METROPOLITAN STREET
RAILWAY COMPANY and Others, Respondents. .

*Taxpayer's action — a license by the dock department of New York city to lay a rail-
road track is not a grant of franchise — waste of municipal property.*

A resolution of the dock department of the city of New York, granting a license
to a street railway company to lay a railroad track from West street to the
ferry house at the foot of Christopher street, upon the payment of $100 per
annum and all expenses, the same to be laid over property reclaimed from the
river and under the immediate charge of the dock department, cannot be
attacked by a taxpayer of the city, on the ground that it constitutes a grant
of a franchise — it is not a waste of the municipal estate or property.

APPEAL by the plaintiff, George S. Hart, from a judgment of the
Supreme Court in favor of the defendants, entered in the office of
the clerk of the county of New York on the 7th day of November,
1896, upon the decision of the court rendered after a trial at the
New York Special Term, with notice of an intention to bring up
for review on such appeal an order entered in said clerk's office
November 7, 1896, granting the defendant, The Metropolitan Street
Railway Company, an extra allowance of $1,000.

*George Hoadly* and *William C. Trull,* for the appellant.

*S. B. Clarke,* for the respondents.

WILLIAMS, J.:.

The action was brought by a taxpayer of the city of New York
attacking the resolution by the dock department granting a license
to the Metropolitan Street Railway Company to lay a railroad track
from West street to the ferry house at the foot of Christopher
street upon the payment of $100 per annum and all expenses
attendant upon the work. The court by its decision dismissed the
complaint upon the merits upon the ground that the resolution
granted no franchise and that there was no proof of any waste to
municipal estate or property. The court also granted an extra
allowance of costs to the defendant railroad company of $1,000.

It is apparent that the resolutions in question granted no franchise, and did not assume to do so. The defendant railway company claimed that its original franchise authorized it to construct and operate this extension of its road, and all it asked for, and all it obtained from the dock department, was a mere license and consent that it might go on and construct the road over the reclaimed property which was under the immediate charge of the dock department. It is quite clear that if the defendant railroad company was correct in its claim, as to its rights under its original franchise, there would be in this license no waste of municipal estate or property. It would be proper to grant the license, and if refused it might be compelled. The dock department could not by refusing the license prevent the defendant railroad company from constructing and operating the road. If, on the other hand, the defendant railroad company had no right under its original franchise to construct and operate the road, then it could acquire no right to construct it by or under the resolution in question. The resolution did not purport to grant any franchise. The dock department had no power to do so. It was merely a revocable license which could not operate in any way to waste municipal estate or property. We have held at the present term, in an action between the two railroad companies,* the defendant and the Central Crosstown Railroad Company, that the defendant railway company had no original franchise or right to construct and operate the road in question, and that this resolution of the dock department gave the company no right or franchise to construct the same, and that the defendant railway company 'should be restrained from constructing or operating the road. It seems to us, in any view of the case, there could be no waste of the municipal estate or property, and that the complaint was, therefore, properly dismissed.

We do not feel inclined to interfere with the discretion exercised by the learned trial judge in granting an extra allowance. The case was evidently both difficult and extraordinary, and we cannot say the allowance was too large. The same questions were involved in this case as in the *Crosstown Railroad* case, and the allowance in the two cases was the same. The attorneys for the plaintiff in this case object to the same allowance here which they

---

* See page 229.

as attorneys for the plaintiff in the other case claimed to be entitled to.

The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON and INGRAHAM, JJ., concurred.

Judgment and order affirmed, with costs.