(33 Misc. Rep. 450.)

### FREEMAN v. BROOKS et al., Water Com'rs.

(Supreme Court, Special Term, Onondaga County. December, 1900.)

COSTS—EXTRA ALLOWANCE.

An extra allowance of costs "not exceeding five per cent. on the sum recovered, or claimed, or the value of the subject-matter involved," as provided by Code Civ. Proc. § 3253, may be awarded to the defendants in an unsuccessful suit by a taxpayer to enjoin public officers from auditing and paying claims against the municipality, though the claimants are not made parties.

Action by George Freeman against James B. Brooks and others, as water commissioners of the city of Syracuse, and others. Motion by defendants for an extra allowance of costs. Granted.

T. E. Hancock, for the motion.
L. S. Chapman, opposed.

HISCOCK, J. This action was brought by plaintiff, as a taxpayer, based upon the general ground of alleged wastefulness, to restrain the defendants from "auditing, authorizing, or allowing the payment" of the sum of $13,761.95, or any portion of the same, to Stone, Gannon & Petit, or to Charles L. Stone, as a balance for legal services claimed to have been rendered. The case was tried before a referee, and judgment has been had for the defendants, dismissing the complaint. The necessary certificate of the referee before whom the case was tried is furnished upon this motion, and there is little dispute, upon all of the facts appearing, but that the case has been sufficiently unusual and difficult to make an extra allowance of costs proper under ordinary circumstances. It is urged, however, in opposition to the motion that, in the first place, a taxpayer bringing an action of this kind should be treated with more consideration than an ordinary litigant; and, secondly, that the case is not one in which the Code permits an extra allowance of costs.

I agree fully with the contention made that taxpayers' suits brought in good faith and upon proper justification should be treated by the courts with consideration, in rulings which are matters of discretion; and sound public policy dictates that the courts should always be readily accessible to taxpayers seeking to protect their

rights from injury by the wastefulness, extravagance, or corruption of public officials. When, however, a taxpayer has brought an action without due consideration, or which he is unable to support by necessary proofs, I am aware of no rule which exempts him from the ordinary incidents of defeat, such as the payment of costs. Gordon v. Strong, 15 App. Div. 519, 520, 44 N. Y. Supp. 481.

The second contention made by plaintiff, above stated, that an extra allowance of costs in this case is not authorized, leads to a consideration of the language of the Code. Section 3253 provides that in a proper case the court may award, as an extra allowance of costs, a sum "not exceeding five per centum upon the sum recovered, or claimed, or the value of the subject-matter involved." Concededly, no sum of money was claimed or recovered in this action, and defendants must rely upon the last clause quoted. Plaintiff insists that there was no subject-matter involved in this suit, the value or amount of which can be measured by dollars. His argument upon this point, so far as it requires consideration, is, in effect, that this action sought to enjoin the defendants from auditing or paying the bill in question, and that the claimants in said bill were not parties to this action, and therefore would not be bound by any judgment herein, but might bring another suit for the recovery of their claim; that, therefore, the validity of their claim and a sum of money were not involved herein. I regard this view of this action as too narrow, and am unable to agree with the reasoning in support of it. This action was brought upon the theory and assumption that defendants, unless restrained, would audit and pay this bill. That was the only theory upon which plaintiff had any standing. If he had succeeded, he would have secured a judgment which would have restrained them from auditing and paying the same, and the payment of a well-defined, fixed sum of money would have been prevented. So far as this court has any knowledge upon the subject, such a judgment would have been sufficient to settle, for all practical purposes, the validity of the claim. It certainly would have been conclusive and binding upon these defendants. I do not think that the possibility that the claimants might bring another action against the city of Syracuse to recover the balance in question refutes the conclusion that this action directly involved the payment of such claim. Plaintiff's counsel substantially concedes that this case would come within the provisions of the Code quoted if the claimants had been parties to the action, and, by the fact that they were not, seeks to avoid the force of Barker v. Town of Oswegatchie, 62 Hun, 208, 16 N. Y. Supp. 734, Hart v. City of New York, 16 App. Div. 227, 44 N. Y. Supp. 767, and Gordon v. Strong, 15 Hun, 519, in each of which actions, similar in their general nature to this, extra allowances of costs were awarded. It is true that in these cases the individual interested in the claim or contract under discussion was made a party, but I am unable to discover that the decisions in those cases respectively rested upon that fact. Upon the other hand, an extra allowance of costs was awarded in the case of Comins v. Supervisors, 3 Thomp. & C. 296, affirmed in 64 N. Y. 626, which, in its general aspects, was identical with the case at bar. That case was brought

by the plaintiffs, as taxpayers, to prevent the defendant board of supervisors from levying a tax for the purpose of paying principal or interest upon certain bonds, and the bondholders were not parties. The defendants were successful, and received an extra allowance of costs.

Defendants ask for an allowance of the full amount of 5 per cent. upon the amount involved, of $13,761.95. I do not feel inclined to award so large a sum, but think that, under all of the circumstances, an allowance of 2 per cent. upon the above amount will be sufficient. Ordered accordingly.