Anthony M. Livoti, J.
This is a taxpayer’s action brought by the plaintiff and others under section 51 of the General Municipal Law. Plaintiffs by this motion seek an injunction restraining the defendants from taking any steps to implement a resolution passed by the Board of Estimate on July 25, 1963. By this resolution the Board of Estimate approved the taking of bids on a proposed contract without public letting for what is described as Sixth Phase Planting and Transplanting of Trees, Shrubs and Vines as part of permanent park improvements including temporary planting in connection with the New York World’s Fair 1964-1965, Flushing Meadow Park, under the jurisdiction of the Department of Parks, City of New York.
In a taxpayer’s action for an injunction to prevent illegal acts, a taxpayer is required to file a bond as required by section 51 of the General Municipal Law. Plaintiffs in this action have failed to file a bond. A plaintiff would not be entitled to a temporary injunction restraining the defendants where he failed to furnish the bond required by this section. (Abramson v. Patterson, 146 N. Y. S. 2d 379.)
A taxpayer, however, bringing an action against the city without filing a bond as required by this section, would be permitted to do so nunc pro tunc. (Eith v. City of New York, 165 Misc. 18.)
It is then apparent that such defect is not one which cannot be remedied. Further, the court feels that this matter should.be decided on the merits rather than to require a dismissal based on a technical defect.
The contract which is the subject of this action is a major landscaping contract in the amount of approximately $700,000 embracing all the principal areas of the New York World’s Fair site, which areas must be landscaped prior to April 22, 1964, the scheduled opening day. Because of the short time which can be allotted to the landscaping contractor to complete the work under this contract it had been considered essential to dispense with open bidding procedures and to prequalify the bidders, thereby permitting bidding by only those firms whose standing and record made it certain that they could complete the work on time.
*433 On July 19, 1963, a recommendation was made to the Board of Estimate by the Park Commissioner, under whose direction the landscaping contracts have been administered, to authorize the taking of bids for the Sixth Phase Planting Contract without public letting. On, July 25,1963, the Board of Estimate approved the procedure recommended by the Park Commissioner. Thereafter, on August 9,1963, invitations to bid were sent to the four landscape contracting firms which were prequalified as being able to perform and complete the work under the contract. On August 26, 1963, bids were received by the Park Department from two of the firms, two firms failing to bid on the contract. The contract was awarded to the low bidder, T. H. Anderson Landscape Co., Inc., on August 29, 1963, after a satisfactory showing of the ability and willingness on the part of the Anderson firm to perform the work specified in the contract, and the availability to this firm of the necessary men and materials to complete the work within the time allotted.
The plaintiffs allege that the action by the Board of Estimate in waiving the provisions of section 343 of the New York City Charter providing for public letting founded on sealed bids was illegal and unauthorized. Section 343 of the New York City Charter reads as follows: ‘ ‘ Public letting.— a. If the several parts of the work to be done and/or the supplies, materials and equipment to be furnished shall together involve the expenditure of more than two thousand five hundred dollars, such work or labor or supplies, materials and equipment shall be obtained only by contract on public letting founded on sealed bids under such regulations as shall be made by the board of estimate, except that in a special case the board of estimate by a two-thirds vote may order otherwise. The terms of such contracts shall be settled by the corporation counsel as an act of preliminary specification to a proposal for bids.” (Emphasis supplied.)
It is clear that the Board of Estimate in its discretion holding that a special case exists may waive the public letting of contracts under section 343 of the New York City Charter.
The relief sought here can only be granted under section 51 of the General Municipal Law upon proof with respect to fraud, illegality, corruption, bad faith or public injury constituting waste. As the action is statutory in nature, the allegations of the complaint must satisfy the requirements of section 51 of the General Municipal Law and must establish a clear legal right to the relief sought. Section 51 of the General Municipal Law as is applicable in the instant case provides that a taxpayer may maintain an action against municipal officers: “ to prevent any illegal official act on the part of any such officers, agents, com *434 missioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation”. While the enactment of this statute gives a taxpayer the right to intervene in the conduct of municipal affairs, it is well settled that redress may only he had “ when the official acts complained of are found to be corrupt * * * or where ‘ there is a total lack of power in defendants, under the law, to do the acts complained of ’ ”. (Stahl Soap Co. v. City of New York, 5 N Y 2d 200, 204; Kaskel v. Impellitteri, 306 N. Y. 73, 79, cert. den. 374 U. S. 934.)
If there is no proof of any illegal official act, or of any waste of or injury to any municipal estate or property, a taxpayer’s action must fall. (Hart v. Mayor, 16 App. Div. 227.) Public policy requires the leaving of administration of public affairs to duly elected representatives of the people and the courts will not sit in judgment on questions of administrative discretion or interfere with the conduct of municipal officials in the absence of illegality, fraud, collusion, corruption or bad faith.
It is the opinion of this court that plaintiffs have failed to meet the burden of proof necessary to the granting of the relief sought on this motion. The motion is accordingly denied in its entirety.